
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALICE HICKS,

                Plaintiff-Appellant,

    v.

THOMAS CIFFORD SKAAR; TRACEY
LEE SKAAR; PRINCETON PROPERTY
MANAGEMENT; EVERGREEN
VANCOUVER APARTMENTS, LLC,

                Defendants-Appellees.

No.   20-35918

D.C. No. 3:20-cv-05100-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 22, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Alice Hicks appeals pro se from the district court's judgment in favor of

defendants Thomas Clifford Skaar, Tracey Lee Skaar, Princeton Property

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Management, and Evergreen Vancouver Apartments, LLC (collectively, the Defendants) in her action alleging that the Defendants violated the Fair Housing Act[1] (FHA) by declining to renew her apartment lease. Reviewing the district court's summary judgment de novo,[2] we affirm.

Hicks alleged that she is African American, and that the Defendants discriminated against her on account of her race by declining to renew her lease. *See* 42 U.S.C. § 3604(a)–(b); *see also Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 502 (9th Cir. 2016). Even assuming, without deciding, that Hicks established a prima facie case of discrimination,[3] summary judgment was nevertheless appropriate because she failed to raise a genuine issue of material fact that the Defendants' proffered reason for the nonrenewal—her repeated, unsubstantiated, and racially-tinged complaints about her neighbors—was pretextual. *See Harris*, 183 F.3d at 1051. We are not persuaded by Hicks' arguments to the contrary. First, that the Defendants initially did not provide Hicks with a reason for nonrenewal does not create a triable issue regarding pretext: a landlord needs no cause for declining to renew a lease. *See* Wash. Rev. Code §§ 59.12.030(1),

---

[1] 42 U.S.C. §§ 3601–19.

[2] *Harris v. Itzhaki*, 183 F.3d 1043, 1050–51 (9th Cir. 1999).

[3] *See Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997).

59.18.200(1)(a). Second, that Hicks did not receive lease violation notices during her tenancy, while other tenants did, does not create a triable issue regarding pretext. Hicks' situation was materially different from those tenants: the Defendants considered them to have violated the terms of their existing leases and sent them notices thereof, but the Defendants have never asserted that Hicks violated the terms of her lease. *See Harris*, 183 F.3d at 1053–54; *cf. Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1113–14 (9th Cir. 2011).[4] Because Hicks "present[ed] no colorable evidence that would suggest that the [Defendants'] proffered reason for" not renewing her lease "was a mere pretext for discriminating against" African Americans, summary judgment was appropriate. *Gamble*, 104 F.3d at 306.[5]

In light of our conclusion, we need not and do not consider the alternative ground relied upon by the district court for its judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *cf. Frost v. Symington*, 197 F.3d 348, 358 (9th Cir. 1999).

**AFFIRMED.**

---

[4] And whether Hicks' conduct could have amounted to a lease violation is beside the point.

[5] We also reject Hicks' argument that the district court erred in denying her adequate time to serve interrogatories. Her contention that the district court allowed her only two weeks to do so is not supported by the record.